UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.        -CIV-

FLAVIO OJEDA,

    Plaintiff,

v.

NATIONAL PIANO INSTITUTE CORP.,
a Florida Corporation, and ANTHONY SICILIANO,
an individual

    Defendant.
_____/

## PLAINTIFF'S COMPLAINT

Plaintiff, FLAVIO OJEDA (hereinafter "OJEDA"), by and through his undersigned attorney, and hereby sues Defendants, NATIONAL PIANO INSTITUTE CORP., a Florida Corporations, and ANTHONY SICILIANO, an individual (hereinafter collectively "Defendants") stating as follows:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs, and attorney's fees for willful violations of overtime wages under the laws of the United States and the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et. seq.* (hereinafter "FLSA").

2. This is an action for violation of Florida Statute 440.205 to redress injuries resulting from Defendants' unlawful, retaliatory treatment against OJEDA.

## PARTIES

3. Plaintiff, FLAVIO OJEDA, is an adult, male citizen of the United States who presently resides in Miami-Dade County, Florida.

4. Defendant, NATIONAL PIANO INSTITUTE, a Florida Corporation, did at all times material conduct substantial and continuous business in the Southern District of Florida. NATIONAL PIANO INSTITUTE COPR. is located at 1950 SW 30th Avenue, Pembroke Park, FL 33009.

5. NATIONAL PIANO INSTITUTE is an enterprise engaged in an industry affecting interstate commerce, are "employer[s]" as defined by 29 U.S.C. § 203(d) and s(1), in that they have employees engaged in interstate commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

6. Based upon information and belief, the annual gross sales volume of NATIONAL PIANO INSTITUTE was in excess of $500,000.00 per annum at all times material hereto.

7. At all times material hereto, OJEDA is and continues to be a resident of Miami-Dade County, Florida and was an "employee" of NATIONAL PIANO INSTITUTE, within the meaning of the FLSA.

8. At all times material hereto, the worked performed by OJEDA was directly essential to the business performed by NATIONAL PIANO INSTITUTE.

9. At all times material hereto, NATIONAL PIANO INSTITUTE, is and continues to be an "employer" within the meaning of the FLSA.

10. At all times material, during OJEDA's employment with NATIONAL PIANO INSTITUTE, NATIONAL PAINO INSTITUTE was engaged in interstate commerce or in the production of goods for commerce. NATIONAL PIANO INSTITUTE, continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

## JURISDICTION AND VENUE

11. This Court has original subject matter jurisdiction over this suit pursuant to 29 U.S.C. §2016(b) and 28 U.S.C. § 1331.

12. This Court has supplemental jurisdiction over Plaintiff's Retaliatory Discharge claim pursuant to Florida Statute Section 440.205 because those claims are so related to the claims brought under federal law that they form part of the same case or controversy and because those claims arise out of the same transactions or occurrences as the claims brought pursuant to 29 U.S.C. § 201 *et.seq*.

13. Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C. § 1391 (b) and (c) because a substantial part of the events giving rise to the claim occurred in this district and payment was due in Miami-Dade County.

## FACTUAL ALLEGATIONS

14. On or about February of 2017, OJEDA was hired as a general laborer by Defendants. On or about March 5, 2018, OJEDA no longer worked at NATIONAL PIANO INSTITUTE.

15. OJEDA was given a wage of seventeen dollars ($17.00) an hour.

16. In Many weeks, OJEDA, worked in excess of forty hours per week but was not paid at the rate of time-and-one-half his regularly hourly rate.

17. Between February of 2017 and March 5, 2019, OJEDA worked approximately seven hundred eighty (780) hours of overtime and was paid at the regular rate for those hours

18. Although Defendants were able to keep track of hours worked by OJEDA and other employees similarly situated, Defendants failed to pay OJEDA or other similarly situated employees at an overtime rate when working in excess of forty hours a week.

19. OJEDA should have been paid on an hourly, non-exempt rate during the course the entire course of his employment with Defendants.

20. OJEDA made numerous complaints to Defendants about his unpaid overtime hours.

21. On December 26, 2018, OJEDA suffered a right arm and right wrist injury while working for Defendants.

22. OJEDA reported the injury immediately to this manager on the same date of the accident.

23. OJEDA then sought medical care at Memorial Regional Hospital. At Memorial Regional Hospital, OJEDA was referred to an orthopedist, Dr. Matthew Avery.

24. OJEDA was then given a cast and placed on off-work status.

25. Approximately two weeks after the date of accident, as a result of the complaints and injury, OJEDA was terminated.

26. OJEDA was then rehired by Defendants to work light duty.

27. On or about March 3, 2018, OJEDA, through undersigned counsel, filed a Petition for Benefits with the Office of the Judges of Compensation Claims.

28. On or about March 5, 2018, OJEDA was again terminated his manager per the owner's instruction because the owner was upset at the filing of the Petition for Benefits.

29. As a result of the wage complaints and the injury, OJEDA was terminated without good cause and, instead, motivated by his wage theft complaints and worker's compensation claim.

30. OJEDA is still owed for his overtime work completed from February of 2017 to March 5, 2018.

## COUNT I
### Violation of 29 U.S.C. § 207 (Unpaid Overtime)

31. Plaintiff, OJEDA, re-alleges and re-incorporates paragraphs 1 through 30 as fully alleged therein.

32. As of February of 2017, in addition to OJEDA's normal, regular work week, OJEDA worked additional hours in excess of forty per week for which he was not compensated at the statutory rate of time and one-half.

33. OJEDA was entitled to be paid at the rate of time and one-half for the hours worked in excess of the maximum hours provided for in the FLSA.

34. Defendants failed to pay OJEDA's overtime compensation in the lawful amount for hours worked by OJEDA in excess of the maximum hours provided for in the FLSA.

35. At all times, Defendants willfully employed OJEDA for many work weeks longer than forty hours, and failed and refused to compensate OJEDA for such work in excess of forty hours at rates no less than one and one-half times the regular rate at which he was employed.

36. As a result of the unlawful acts of Defendants, OJEDA, and all persons similarly situated have been deprived of minimum wages in amounts to be determined and are entitled to recovery of liquidated damages in the same amount, plus reasonable attorney's fees and costs.

37. Defendants remain owning OJEDA overtime wages, and OJEDA is entitled to recover double damages pursuant to the FLSA.

38. Records, if any, concerning the number of hours worked by OJEDA and the actual compensation paid to him are in the possession and custody of Defendants.

39. Defendants knew or and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate OJEDA at the statutory rate of time and one-half for the hours worked in excess of forty hours per week when it knew or should have known such was due.

40. Defendants failed to properly disclose or apprise OJEDA of his rights under the FLSA.

41. As a direct and proximate result of Defendants' willful disregard of the FLSA, OJEDA has suffered damages not presently ascertainable of unpaid overtime wages plus an equal amount as liquidated damages.

42. OJEDA is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff, OJEDA, respectfully requests that judgment be entered in their favor against Defendants:

   a. Declaring that Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

   b. Awarding OJEDA overtime compensation in the amount calculated;

   c. Awarding OJEDA liquidated damages in the amount calculated;

   d. Awarding OJEDA reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

   e. Awarding OJEDA post-judgment interest; and

   a. Ordering any other and further relief this Court deems to be just

## COUNT II
### Violation of 29 U.S.C. § 215(a)(3) (Retaliatory Discharge)

43. Plaintiff, OJEDA, re-alleges and re-incorporates paragraphs 1 through 30 as fully alleged therein.

44. 29 U.S.C. §215(a)(3) states the following:

"It shall be unlawful for any person to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding."

45. Defendants took an adverse action against OJEDA after OJEDA reported the illegal act that was in violation.

46. Defendants were aware of OJEDA's complaints for his unpaid wages.

47. Defendants terminated OJEDA while knowing that OJEDA complained about unpaid wages and was owed wages.

48. Defendants' decision to terminate OJEDA was casually related to OJEDA's complaints because the termination occurred after OJEDA reported the illegal activity.

49. The termination only occurred because OJEDA engaged in the statutory protected activity of seeking his entitled overtime hourly rate pay.

50. As a direct and proximate result of Defendants' unlawful and will actions, as set forth above, OJEDA has suffered damages and will continue to suffer damages in the future including, but not limited to:

    a. Loss of past and future income

    b. Stress, mental anguish, anxiety, and emotional distress,

**WHEREFORE**, Plaintiff, OJEDA, respectfully requests that judgment be entered in their favor against Defendants:

   a. Declaring that Defendants have violated the retaliatory provisions of 29 U.S.C. § 215;

   b. Awarding OJEDA actual and consequential damages, plus interest

   c. Awarding OJEDA liquidated damages in the amount calculated;

   d. Awarding OJEDA reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

   e. Awarding OJEDA post-judgment interest; and

   b. Ordering any other and further relief this Court deems to be just

## COUNT III
### Violation of Florida Statute 440.205 (Retaliatory Discharge)

51. Plaintiff, OJEDA, re-alleges and re-incorporates paragraphs 1 through 30 as fully alleged therein.

52. At all times relevant, OJEDA was employed by Defendants as a delivery driver.

53. On or about December 26, 2017, OJEDA, suffered a work-related injury where OJEDA hurt his right arm and right wrist while unloading a truck.

54. The above injury required medical treatment.

55. As a result of OJEDA's work-related injury, OJEDA, sought or attempted to seek compensation under Florida Workers' Compensation Law, as OJEDA was entitled to do.

56. Defendants took an adverse action against OJEDA by terminating his employment because of his valid workers' compensation claim contrary to the requirements of Fla. Stat. 440.205.

57. A causal link exists between the adverse employment action taken by the Defendants or their agents in terminating OJEDA and OJEDA's claim for workers' compensation benefits.

58. As a result of the Defendants retaliatory actions, OJEDA suffered damages.

**WHEREFORE**, Plaintiff, demands judgment against Defendant and relief in the form of: economic damages, including lost wages, benefits, and other remuneration; reinstatement of full fringe benefits; front and back pay; any other compensatory damages allowable under law; emotional distress damages, and any other relief the court deems appropriate.

### JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223